## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| LPE ASSETS, LLC, | : | Case No. 1:22-cv-234 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| O'GARA HESS & EISENHARDT | : | |
| ARMORING COMPANY, et al, | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING PLAINTIFF'S MOTION FOR
## TEMPORARY RESTRAINING ORDER (Doc. 4)

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 4). At this time, the Court must adjudicate the section of Plaintiff's Motion seeking a temporary restraining order, pursuant to Fed. R. Civ. 65(b)(1). For the reasons provided below, Plaintiff's Motion for a Temporary Restraining Order is **DENIED**.

### FACTUAL BACKGROUND

Plaintiff LPE Assets, LLC ("LPE Assets") entered into a contract ("Agreement") with Defendants O'Gara-Hess & Eisenhardt Armoring Company, LLC and The O'Gara Group, Inc. (collectively, "Defendants"), on November 12, 2021. (Verified Complaint ("Ver. Compl."), Doc. 1, Pg. ID 2.) LPE Assets is organized under the laws of Michigan with its principal place of business in Brighton, Michigan. (*Id.* at 1.) Defendants are corporations organized under the laws of Delaware with their principal place of business located in

Fairfield, Ohio. (*Id.*) The Agreement provided that LPE Assets would sell Defendants twelve "supercharger system kits for the 2016-2019 3500HD Chevrolet Suburban" ("Goods") at $10,085.00 per Good. (*Id.* at 2-3.) Pursuant to the Agreement, LPE Assets shipped the Goods to Defendants on or about January 24, 2022. (*Id.* at 3.) Defendants accepted the Goods. (*Id.*)

Pursuant to the Agreement, LPE Assets issued an invoice to Defendants on February 28, 2022 for the Goods, equaling $121,020.00. (*Id.*) However, on or about March 7, 2022, LPE Assets "learned through media sources that [Defendants were] insolvent and had taken steps to wind-down [their] operations." (*Id.*) Thus, LPE Assets sent a letter to Defendants demanding they return the Goods to LPE Assets immediately "for non-payment and not dispose of, transfer, use or move the Goods" ("Demand for Reclamation"). (*Id.*) Despite the invoice and Demand of Reclamation, Defendants have neither returned the Goods nor made payment on the Goods to date. (*Id.*)

Due to Defendants' failure to return the Goods or pay as provided by the Agreement, LPE Assets filed its Verified Complaint, bringing the following claims: (1) Reclamation Pursuant to Ohio Rev. Code § 1302.76; (2) Breach of Contract; (3) Common Law Conversion; (4) Civil Theft Pursuant to Ohio Rev. Code § 2307.60(A)(1); (5) An Action for Replevin Pursuant to Ohio Rev. Code § 2737.02; and (6) Unjust Enrichment. (*Id.* at 3-8.)

Following the filing the Verified Complaint, LPE Assets filed its Motion for a Temporary Restraining Order and Preliminary Injunction, seeking injunctive relief restraining and enjoining Defendants "from transferring, selling, disposing of, altering,

or otherwise encumbering" the Goods. (Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Pl. Motion"), Doc. 4, Pg. Id 26.)

## LAW AND ANALYSIS

Fed. R. Civ. P. 65 allows a court to implement a temporary restraining order "to preserve the status quo so that a reasoned resolution of a disputed may be had." *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 226 (6th Cir. 1996). An "injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 655, 573 (6th Cir. 2002).

"The standard for obtaining a temporary restraining order and the standard for obtaining a preliminary injunction are the same." *QFS Transp., LLC v. Huguely*, No. 1:21-cv-769, 2022 WL 395756, *3 (S.D. Ohio Feb. 9, 2022). Thus, the Court considers four factors in examining whether to grant injunctive relief: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (internal quotations omitted).

The Court has carefully considered the Motion and finds that the irreparable harm element is dispositive of the question before the Court.  Accordingly, it will analyze only that element.  Further, and as set forth below, the Court finds that LPE Assets has also failed to comply with the procedural requirements to obtain ex parte relief.  Therefore, as

set forth below, LPE Assets's Motion is not well-taken and is denied.

### A.    LPE Assets Has Failed to Demonstrate Irreparable Harm.

"While [the] Court is permitted to consider other factors, the immediacy and irreparability of harm are threshold considerations since a temporary restraining order is an extraordinary remedy whose purpose is to preserve the status quo." *Hartman v. Acton*, No. 20-CV-1952, 2020 WL 1932896, *2 (S.D. Ohio Apr. 21, 2020). Therefore, the irreparable harm factor is "indispensable; a plaintiff must present the existence of an irreparable injury to get a [temporary restraining order]." *D.T. v. Sumner Cnty. Sch*, 942 F.3d 324, 327 (6th Cir. 2019). "A plaintiff's harm from the denial of a [temporary restraining order] is irreparable if not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 578.

Here, the Court finds the harm LPE Assets will suffer from a denial of a temporary restraining order to be fully compensable by monetary damages and, thus, not irreparable. The parties entered into the Agreement for the sale of the Goods on or about November 12, 2021. Despite accepting the goods, Defendants have failed to make payment for the Goods to date. While LPE Assets brings multiple claims in its Verified Complaint, each claim is centered around Defendants' acceptance of the Goods and failure to pay. Thus, any damages to which LPE Assets is entitled are entirely monetary. And, therefore, any harm LPE Assets may suffer at this stage of the litigation is fully compensable by monetary damages.

LPE Assets argues that it will suffer irreparable harm without a temporary restraining order because Defendants are seemingly insolvent and, thus, unlikely to pay a monetary damages award once the merits LPE Assets' claims are decided. The Court is

unpersuaded. While LPE Assets provided a list of nonbinding case law allegedly supporting its argument, these cases are at least thirty years old, and LPE Assets only identified one Sixth Circuit case that it claims supports its position as to irreparable harm. Indeed, LPE Assets argues that "in *USACO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 97 (6th Cir. 1982), the Sixth Circuit found the risk that the defendant would transfer or dissipate the assets constitutes irreparable harm and justified a preliminary injunction to preserve the equitable remedy." (Pl. Motion, Doc. 4, Pg. ID 38.) However, such case is easily distinguishable from this case.

In *USACO Coal*, the defendants faced serious allegations of racketeering, breaches of fiduciary duties, fraud, and breach of contract. *USACO Coal Co.*, 689 F.2d at 96. The district court restrained defendants from "directly or indirectly transferring, selling, assigning, dissipating, concealing, encumbering, impairing or otherwise disposing of in any manner (the corporate defendants') assets, choses in action, or other property, real or personal." *Id.* The Sixth Circuit affirmed the district court's decision, finding that the defendant could "conceal their assets and remove them from this country." *Id.* at 98. Such actions taken by the defendants would make it so the defendants would "have no ties to the United States" because the only ties they had were "the property and assets held by the defendant companies, companies that he owns or controls." *Id.*

This is not the case here, as there are no allegations that Defendants could sever ties with the jurisdiction or are engaging in other gamesmanship. First, Defendants are corporations organized under the laws of Delaware with their principal place of business located in Fairfield, Ohio. Even if Defendants were to transfer the Goods, Defendants

5

would maintain contacts with the United States and this Court so as to allow LPE Assets

to obtain a judgment against them. Second, any transfer of assets in this case would not

be due to gamesmanship to avoid a judgment but, rather, would be a result of

Defendants' alleged insolvency. And LPE Assets would still be able to obtain a judgment

from this Court and, if Defendants are in fact insolvent, LPE Assets would be able to

receive damages through the bankruptcy process. Thus, the Sixth Circuit's holding in

*USACO Coal* is distinguishable from this case.

Therefore, Defendants' alleged, but otherwise unverified, insolvency is irrelevant

because any harm LPE Assets may face due to the lack of injunctive relief would be fully

compensable by monetary damages. Further, there is no allegation that LPE Assets itself

faces insolvency or other financial dire straits without the benefit of injunctive relief.

Thus, LPE Assets would not face irreparable harm without a temporary restraining order.

**B.     LPE Assets Did Not Comply with Rule 65(b)**

Additionally, Fed. R. Civ. P. 65 allows a court to enter an ex parte temporary

restraining order "only if: (A) specific facts in an affidavit or a verified complaint clearly

show that immediate and irreparable injury, loss, or damages will result to the movant

before the adverse party can be heard in opposition; and (2) the movant's attorney

certifies in writing any efforts made to give notice and the reasons why it should be

required." Fed. R. Civ. P. 65(b)(1).

LPE Assets submitted the specific facts of this case in the Verified Complaint. (*See*

Ver. Compl., Doc. 1.) However, while LPE Assets has filed the Certificate of Service

explaining that the Verified Complaint and this Motion were served upon Defendants on

May 6, 2022, such Certificate of Service does not certify in writing the efforts made by

LPE Assets to give Defendants notice of the request for ex parte relief nor the reasons

why such notice should not be required in this case. (*See* Certificate of Service, Doc. 11).

Thus, LPE Assets failed to satisfy the Fed. R. Civ. P. 65(b)(1) requirements.

Accordingly, even if this Court were to find irreparable harm in this case, which it does

not, the Court could not grant an ex parte temporary restraining order due to LPE

Assets's failure to satisfy the Fed. R. Civ. P. 65(b)(1) requirements.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Temporary Restraining Order

(Doc. 4) is **DENIED.**

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

7